IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| UNITED STATES OF AMERICA | OPINION AND ORDER |
| v. | 12-cr-69-wmc |
| | 13-cv-564-wmc |
| ERNEST BAILEY | |

---

Defendant Ernest Bailey has filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct the sentence that he received on December 9, 2011, in *United States v. Bailey*, Case No. 12-cr-69-wmc. The respondent has filed a brief in opposition. After considering all of the pleadings, and based on this court's own recollection of the underlying proceedings, the motion will be denied for the reasons set forth briefly below.

BACKGROUND

On May 29, 2012, Ernest Bailey robbed the Dane County Credit Union at gunpoint. During the robbery, Bailey pointed the gun at several bank tellers while demanding money. Another credit union employee located elsewhere in the bank, observed the robbery via a live feed from surveillance cameras, and promptly notified police, who apprehended Bailey as he attempted to leave the scene. Upon Bailey's arrest, officers recovered a pistol and $8000 in proceeds from the robbery.

Shortly thereafter, a grand jury in the Western District of Wisconsin returned a three-count indictment against Bailey, charging him with: (1) bank robbery by force and threats of violence in violation of 18 U.S.C. § 2113(a) and (d); (2) brandishing a firearm

1

during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c); and (3) unlawfully possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1).

When the armed robbery was committed, Bailey was on probation for three, separate state court felony convictions. Bailey's probation was subsequently revoked in each state case. On August 20, 2012, Bailey was sentenced to a total of seven years' imprisonment in those cases.

On October 9, 2012, Bailey entered a guilty plea to counts one and two of the indictment against him in this court. Under the terms of a written plea agreement, Bailey acknowledged that the bank robbery charges in count one carried a maximum penalty of 25 years in prison and that the charge for brandishing a firearm during a crime of violence in count two carried a mandatory minimum penalty of seven years (84 months) in prison, to be served consecutively to any sentence imposed on count one.

In a sentencing memorandum, Bailey's defense counsel argued for a total sentence of no more than 85 months in prison, running concurrently with his undischarged state term of imprisonment. She also sent a letter to the probation officer, urging that his federal sentence be ordered to run concurrently with the remainder of Bailey's undischarged state term of imprisonment. The court sentenced Bailey to a term of 30 months' imprisonment on count one, running concurrently with his undischarged state court sentence. As to count two of the indictment, however, the court sentenced him to serve a term of 84 months in prison to run consecutively to the term imposed in count one, but concurrently with the undischarged state term of imprisonment. There were no

objections to the sentence and Bailey did not pursue a direct appeal.

After judgment was entered, the Bureau of Prisons modified the sentence, noting that, as a matter of law, the mandatory minimum sentence imposed on count two could not be served concurrently with "any other term of imprisonment[.]" 18 U.S.C. § 924(c)(1)(D)(ii). Arguing that this modification has lengthened the amount of time he will spend in prison, Bailey now contends that he is entitled to relief pursuant to 28 U.S.C. § 2255, because he was denied effective assistance of counsel in connection with his guilty plea. In particular, Bailey contends that he was incorrectly told by his defense counsel that the sentence he received on count two of the indictment could run concurrent to his undischarged state court sentence. But for this erroneous advice, Bailey further contends that he would not have accepted the proposed plea agreement in this case, and he would not have pled guilty to counts one and two of the indictment.

OPINION

To obtain relief under 28 U.S.C. § 2255, a prisoner must show that the district court sentenced him "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack." Relief under § 2255 is appropriate only for 'an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice.'" *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004)

(quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991)).

Here, Bailey contends that he is entitled to relief pursuant to § 2255 because his defense counsel gave him incorrect advice about his potential sentence on count two of the indictment. "Before deciding whether to plead guilty, a defendant is entitled to 'the effective assistance of competent counsel.'" *Padilla v. Kentucky*, 559 U.S. 356, 364 (2010) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970) (citation omitted)). Claims for ineffective assistance of counsel are analyzed under the well-established standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).

To prevail under the *Strickland* standard, a defendant must demonstrate both constitutionally deficient performance by counsel and actual prejudice as a result of the alleged deficiency. *See Williams v. Taylor*, 529 U.S. 390, 390-91 (2000). Specifically, to prevail on an ineffective-assistance claim in the context of a guilty plea, a defendant must show that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty and would have insisted on going to trial. *See Bethel v. United States*, 458 F.3d 711, 716-17 (7th Cir. 2006) (citing *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985)); *Strickland*, 466 U.S. at 687-88).

Bailey contends his defense counsel was deficient to the extent she advised him that the sentence he received on count two could be served concurrently with his undischarged state term of imprisonment. Bailey's contention appears supported by the record. The sentencing memorandum and counsel's letter to the probation officer reflect

4

that defense counsel believed, mistakenly, that Bailey's sentence could be served concurrently with his undischarged state term of imprisonment. (Case No. 12-cr-69-wmc, dkts. #30, #33.) Defense counsel repeated this same request at the sentencing hearing, where she argued for a federal term of imprisonment concurrent to the state court sentence that Bailey was already serving. (Case No. 12-cr-69-wmc, dkt. # 42, at 12). Neither the sentencing memorandum nor the letter address 18 U.S.C. § 924(c), which imposes a mandatory minimum sentence that may not run concurrently with "any other term of imprisonment" imposed on the defendant. 18 U.S.C. § 924(c)(1)(D)(ii); *see also United States v. Gonzales*, 520 U.S. 1, 11 (1997) ("[W]e hold that the plain language of 18 U.S.C. § 924(c) forbids a federal district court to direct that a term of imprisonment under that statute run concurrently with any other term of imprisonment, whether state or federal.").

As the government notes, the record is undeveloped as to what efforts defense counsel undertook to research the legality of a concurrent sentence and exactly what was communicated to the defendant before his plea of guilty to counts one and two. Nevertheless, assuming that defense counsel was deficient, the government notes further that Bailey cannot demonstrate the requisite prejudice here because he does not contend that, but for his counsel's erroneous advice, he would have insisted on a trial.

Based on the substantial nature of the evidence against him, the court agrees that there is no reasonable probability that Bailey would have persisted in pleading not guilty and pressed for a trial. In that respect, the armed robbery of the credit union was

captured on surveillance video. It showed Bailey -- a previously convicted felon -- brandishing a pistol at the bank tellers and demanding money. One of the tellers testified at the sentencing that Bailey pointed the gun in his face, placing him in fear for his life. Bailey was apprehended at the scene of the crime by police, who found him in possession of a firearm and the currency taken during the robbery. Even in his reply to the government's briefing on this issue, Bailey does not assert or otherwise suggest that he would have insisted on going to trial. (Case No. 13-cv-564-wmc, dkt. #8.) Under these circumstances, Bailey does not establish that he was prejudiced by any erroneous advice from his defense counsel. *See Bethel*, 458 F.3d at 716-17. Accordingly, he does not demonstrate that he is entitled to relief under 28 U.S.C. § 2255. Therefore, Bailey's motion will be denied.

Under Rule 11 of the Rules Governing Section 2255 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is

not a close one. For the reasons stated, reasonable jurists would not debate the decision that defendant's motion should be denied because his claims are without merit. Therefore, no certificate of appealability will issue.

ORDER

IT IS ORDERED that:

1. Defendant Ernest Bailey's motion to vacate, set aside or correct sentence is DENIED.

2. A certificate of appealability is also DENIED. Defendant may, if he wishes to do so, seek a certificate from the court of appeals under Fed. R. App. 22.

Entered this 12th day of July, 2016.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge